**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NELSON E.T.N.,

                                        Petitioner,            Civil No. 26-3541 (JRT/DLM)

v.

DAVID J. VENTURELLA, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *in his official capacity as the St. Paul Field Office Director for U.S. Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *in his official capacity as Secretary of the United States Department of Homeland Security*;

TODD BLANCHE, *in his official capacity as Attorney General of the United States*;

*KANDIYOHI JAIL ADMINISTRATOR, in their official capacity*,

                                        Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Magdalena B. Metelska, **METELSKA LAW, P.L.L.C.**, Post Office Box 156, Hopkins, MN 55343, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Nelson E.T.N. is a citizen of Ecuador who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On August 6, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Administrative Procedure Act (5 U.S.C. § 706) and the Fifth Amendment of the United States Constitution.  On August 12, 2026, the Court ordered Respondents to provide the Court with more information by August 13, 2026.  Respondents timely responded, and Petitioner also filed a motion for leave to respond and a proposed response.

Because the Court concludes that Petitioner Nelson E.T.N.'s arrest was unlawful, the Court will grant in part his petition for writ of habeas corpus and order that he be released from custody.[1]

## BACKGROUND

**I.    FACTS**

Petitioner is a citizen of Ecuador.  (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 39, Aug. 6, 2026, Docket No. 1.)  He has resided in the United States since approximately November 2022 and has a pending asylum application.  (*Id.* ¶¶ 1, 40.)

On November 24, 2022, Customs and Border Patrol encountered Petitioner after he attempted to enter the United States.  (Decl. of William J. Robinson ("Robinson Decl.")

---

[1] Because the Court concludes that Nelson E.T.N.'s arrest was unlawful and he is entitled to release on that ground, it will not address the other grounds on which Petitioner requested relief.

¶ 5, Aug. 9, 2026, Docket No. 6.)  On November 26, 2022, Petitioner was released on humanitarian parole with an expiration date of January 26, 2023.  (*Id.* ¶ 6.)  Petitioner applied for asylum on or about November 26, 2023.  (Pet. ¶ 41.)

On August 4, 2026, Petitioner went to Fort Snelling for what he believed was a scheduled check-in.  (*Id.* ¶ 45.)  Petitioner's appointment was, in fact, scheduled for August 5, 2026.  (Decl. of Ercilia Susana Changoluisa Guamani ("Guamani  Decl.") ¶ 4–5, Ex. E, Aug. 10, 2026, Docket No. 7-3.)

When Petitioner arrived at Fort Snelling on August 4, 2026, he was taken into custody.   (Pet. ¶ 45; *see also* Robinson Decl. ¶¶ 10–11.)   Respondents attest that Petitioner was taken into custody pursuant to a "previously issued [Notice to Appear] and I-200" (*id.*); however, both the Notice to Appear (NTA) and I-200 are also dated August 4, 2026 (*id.* ¶¶ 8-9 & Exs. B, C).  Respondents also initially declared that "Petitioner was scheduled for a check-in appointment with ICE/ERO on August 4, 2026" (*id.* ¶ 7) even though Petitioner's appointment was not scheduled until the following day.  (Guamani Decl., Ex. E; *see also* Resp. to Order at 1, Aug. 13, 2026, Docket No. 10.)

## II.    PROCEDURAL HISTORY

On August 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending that his arrest and detention are unlawful under the Administrative Procedure Act (5 U.S.C. § 706) and the Due Process Clause of the Fifth Amendment.  (Pet. ¶¶ 51–61.)  The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims.  (Order, Aug. 7, 2026, Docket No. 4.)  Federal Respondents timely

filed a response, and Petitioner replied.  (Response, Aug. 9, 2026, Docket No. 5; Reply, Aug. 10, 2026, Docket No. 7.)

Because Petitioner presented evidence in his reply that his appointment was not scheduled until the day after he was taken into custody August 5, 2026 (Guamani Decl., Ex. E), the Court ordered Respondents "to provide further information on the timing of the issuance of both the NTA and the I-200 as well as the time at which Petitioner was detained."  (Order ("August 12 Order"), Aug. 12, 2026, Docket No. 9.)

On August 13, 2026, Respondents submitted a response but did not provide any additional declaratory evidence.  (*See generally* Resp. to Order.)  Petitioner also filed a motion for leave to respond and a proposed response.  (Docket No. 11.)  The Court will grant that motion and has considered the Petitioner's proposed response.

## DISCUSSION

In its August 12 Order, the Court indicated that it was unable to conclude on the facts before it that Petitioner's arrest was premised on a valid I-200 administrative warrant.  Although given the opportunity to provide additional evidence, Respondents have not.  Because no persuasive evidence has been submitted to the Court that the sequencing of the issuance of the Notice to Appear, Form I-200, Warrant of Arrest, and arrest were appropriate and confirmed with ICE's regulations, the Court concludes that Petitioner's detention is unlawful.

When ICE fails to comply with federal immigration law when arresting and detaining Petitioner, release is the proper remedy. *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). The Court will, therefore, order Petitioner's immediate release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Nelson E.T.N.'s Motion for Leave to Respond to Respondents' Response to Order (Docket No. [11]) is **GRANTED.**

2. Petitioner Nelson E.T.N.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED IN PART** as follows:

   a. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 24 hours from the filing of this Order**.

   b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without any new conditions**. Respondents must also coordinate with Petitioner's counsel to ensure safe release.

-6-

c.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on August 17, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: August 14, 2026
at Minneapolis, Minnesota.
5:15 p.m.

JOHN R. TUNHEIM
United States District Judge